**UNITED STATES of America,
Appellee,**

v.

**Rasheen D. SANDERS, also known as
Eric D. Sanders, Defendant–
Appellant.**

**No. 06–1532–cr.**

United States Court of Appeals,
Second Circuit.

May 11, 2007.

Nicole Bellina, Stoll & Glickman, Brooklyn, NY, for Appellant.

David M. Bitkower, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief; Susan Corkery, Assistant United States Attorney, of counsel), Brooklyn, NY, for Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Rasheen Sanders appeals from a February 9, 2006 judgment of the district court convicting him, following a jury verdict, of possessing a firearm as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1), and sentencing him principally to a term of ninety-two months' imprisonment. We assume the parties' familiarity with the underlying facts and procedural history of this case and with the arguments on appeal.

■ We agree with Sanders that the supplemental charge given by the district court to the deadlocked jury is properly characterized as a modified *Allen* charge, *see Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), because, although it directed the jurors to attempt to reach agreement, it did not ask the jurors holding the minority position to reconsider their views. *See Lowenfield v. Phelps*, 484 U.S. 231, 237–38, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988) (finding that the charge given to a deadlocked jury was a modified rather than traditional *Allen*

charge because it "d[id] not speak specifically to the minority jurors"); *Spears v. Greiner*, 459 F.3d 200, 205 (2d Cir.2006) (same).[1] The government's reliance on *United States v. Roman*, 870 F.2d 65 (2d Cir.1989), *Rodriguez v. Hoke*, 1990 WL 91739 (S.D.N.Y. June 25, 1990), and *Llaca v. Duncan*, 2004 WL 964113 (S.D.N.Y. May 4, 2004), in support of its contention that the charge was not an *Allen* charge is misplaced because, unlike in these three cases, the instruction in the present case was given in response to the jury's inability to reach a unanimous decision and included an "exhortation that they reach a decision," *Roman*, 870 F.2d at 77.

■ We nonetheless reject Sanders's claim that the modified *Allen* charge denied him due process of law because, "evaluated in its context and under all the circumstances," *Spears*, 459 F.3d at 206 (internal quotation marks omitted), the charge was not impermissibly coercive. Although the charge lacked desirable cautionary language admonishing the jurors "not to surrender their own conscientiously held beliefs," *Smalls v. Batista*, 191 F.3d 272, 279 (2d Cir.1999), the court, after being informed that the jurors were "roughly split," gave a balanced instruction regarding "the consequences . . . of not arriving at a unanimous decision one way or the other," urging them to "proceed following reason and common sense" and reminding them that "a burden of proof . . . requires the prosecution to prove its case with evidence beyond a reasonable doubt." The instruction did not tell the jurors that they had a duty and responsibility to convince other jurors that their views were correct, the practice that in *Smalls* we found objectionable when not

1. We note that the district court did not have the benefit of our decision in *Spears*, which was decided August 2, 2006.

44

accompanied by cautionary language. 191 F.3d at 280. The lack of coercion is further evidenced by the defendant's failure to object when the instruction was given, suggesting that any coercion was not apparent to counsel at that time, *see Lowenfield*, 484 U.S. at 240, 108 S.Ct. 546, and the fact that the jury continued to deliberate for two hours following the instruction, nearly as long as they had deliberated before receiving the charge, *see Spears*, 459 F.3d at 206–07.

For the foregoing reasons, the judgment of the district court is AFFIRMED.